Attorney Hager is here on behalf of the appellant, and Attorney Thomas is here on behalf of the appellee. Ms. Hager, you may proceed. I'm sorry. Oh, I'm sorry, yes. Justice Appleton is ill today, and he'll be listening to the oral arguments online, and participating that way. All right, thank you. May it please the court, my name is Bethany Hager, and today I'm here representing Terry Mitchell, and I'm the judge of the case.  I'm going to talk about the differences between the two cases, and the reason why there's a difference in this case before the court. Judges, these parties, exactly these individuals and these counsel have been before this court before, not that long ago. It was a different index number then, but the factual background was pretty much the same, and indeed, the subject real estate property that was the issue was the exact same. The wrinkle in this case is that while defendants' appeal was pending previously, the city of New York did file an entirely new proceeding, a new complaint against my client, and the circumstances surrounding the filing and initiation of that complaint and proceeding, it is submitted that the circumstances indicate that proceeding was begun in violation of Supreme Court Rule 137, that there was no legitimate reason to file that complaint, that in fact it was filed and begun purely to intimidate, to harass my client, to increase his litigation costs and fees, and specifically in retaliation for his having appealed the decision of that trial court up to this court level. The circumstances that we believe show the improper purpose for filing 120V107 are these, among others that are in the record. The complaint in 120V107 was filed exactly 21 days after my client filed his notice of appeal to this court in the previous matter, and the complaint and summons, as we'll talk about later, was drafted really so sloppily and in such violation of the Supreme Court rules that it appeared somebody was writing it in anger, in a fit of, OK, we're going to get him because he appealed the decision of the trial court. The factual relation of the two cases was nearly identical. In fact, they both hinged around the same factual issue of whether my client owned property that was at the subject of the proceedings, whether a quick claim deed that he had issued in 2010, I believe it was, was in fact valid. In our previous appeal before this court, this court held that that quick claim deed was valid. And we were in fact- The trial court ruled otherwise. Yes, yes, the trial court did. This court reversed that trial court decision. So let's say this. The trial court had ruled that the quick claim deed was invalid, and then the city took appeal and in the meantime filed charges again against OB violations against your client. That would make your argument a lot stronger, wouldn't it? OK, the trial court- They failed in the trial court. They did. And we filed the appeal. Because- But that doesn't mean anybody knows you're going to win the appeal, and there are continuing violations that the city perceives. So how is that to the level of a Rule 137 sanction? Thank you. We believe there was other circumstances surrounding the proceeding, the timing of the complaint being issued, the fact that we did file a motion before the trial court in 120V107 saying basically this appeal is pending. The outcome of it will determine what happens in 120V107 if the appellate court holds the other. It was stayed, didn't it? We did not. We did not obtain a stay. The trial court proceeded. Well, proceeded with the merits, but then stayed in the sentence. Stayed the, yes, yes. That's correct. That's correct. The complaint as drafted charged 37 counts of this single municipal code violation. Again, as I said, it was sloppily drafted. It did not meet the requirements of Supreme Court rules. The summons itself threatened my client with arrest if he did not appear or answer that complaint. If arrest is not an intimidation factor, then certainly it would be difficult to say what else would be considered intimidation. And the fact that the complaint and the papers did not meet basic requirements, this was in spite of years of experience, and the city council testified even at the hearing in that matter that he had several years of experience drafting these documents as the bulk of his job, and yet the complaint and summons came out very poorly done and had to be changed later. Wasn't that the arrest language boilerplate? Well, no. The Supreme Court rules specify that arrest is available for certain violations but for others not, and certain court appearances but for others not. And so it really is very clearly laid out in the rules when the city can put an arrest language in there and when it cannot. My client testified at the hearing in this matter, the final hearing, he did in fact have to take days off from work. This contributed to the loss of his job. There was health problems that contributed from the stress of dealing with these. Those, I think, point to the fact that if there was an intent to intimidate, harass, and cause cost and increased fees, and it worked, these things did take place for my client. And then a final circumstance that I'd like to bring to the Court's attention today is the August 26th, 2013, and August 27th appearance that was scheduled. But at the last minute, the city filed papers before the Supreme Court of Illinois. There was no attempt to notify the defendant's attorney that those papers were being filed, no attempt to reach an agreement to continue that August 27th appearance. And this was with the knowledge that a defendant and myself both had very long drives to reach the trial court in that county, and yet there was no attempt to communicate. And so personally, I spent an entire day going to the city of Virginia to find out that the city of Virginia's counsel had no intent to appear based on an ex parte conversation with the judge outside of my presence, and then I had to turn around and go back. So these were days' worth of legal fees and costs that were expended on this action, which, as you noted, we did request to stay, and those fees and costs could have been avoided simply by holding off until this court had reached its decision one way or the other. But the issue is why is it sanctioned? Because if the trial court has perceived and already found there are code violations that perhaps make this vacant building dangerous, and you're taking an appeal from that, and the city files additional violations because it's ongoing, how is that sanctioned? I guess I would say in the normal course of things, if that was the simple explanation of it, that may not itself be sanctionable. But I think in this case, the circumstances show that the city of Virginia set out to quote, unquote, get the defendant. There's comments in the record that he testified he was told they were out to ruin him. They demanded payments of money from him outside of the bounds of this proceeding. Indeed, some of those bills that came to him demanded money for payment way before any of the proceedings were involved. So the complaint would go back to, say, 2008, but these demands from the city were asking for money far back to 2005, 2006, 2004. And so I think the circumstances of this case show that normally, perhaps, continuing to enforce a code violation would not be sanctionable. But in this case, it was. It was a focused retaliation against my client for that appeal, and they were out to quote, unquote, get him. Okay, well, the trial could have found otherwise. Yes. And so what's our opinion? Thank you. This court's review, understandably, under Pritzker, this court does give significant deference to the trial court, and I believe that's proper. That does not, however, negate this court's authority and ability to oversee that independent application of Rule 137. And indeed, Pritzker v. Drake did state that the appellant court has an independent authority to make sure the rule is applied properly, to make sure that it addresses improper uses of the judicial proceeding and deal with counsel and with parties who are going to use the proceedings wrongfully. So what appellant is asking this court to do today is simply to conduct that independent review of the record, to make that objective determination based on the facts of the record and ideally hold that the sanctions and the fees that were requested are warranted and then find in favor of the dependent appellant. As far as the trial court's standard of whether the trial court abused its discretion, the question there, as shown in our briefs, is whether that decision not to award sanctions was based on valid reasons, followed logically from the facts of the case, and would be agreed with by a reasonable person looking at the record and the facts in the case. Let me ask you a question. One of the things that was in your amended motion was that the city filed its complaint with knowledge that it was not well grounded in fact, yet you don't argue that on appeal. That seems as if the inference is it was well grounded in fact. I think that goes back to the issue that we do acknowledge that while the appeal was pending, there wasn't a solid decision either way of whether that quick claim deed was valid or invalid. So pending the decision of this court, there could be an argument that the complaint could have been grounded in fact. As for that trial court's decision which did deny sanctions at the end of this case, we argue in our brief and would argue today that there wasn't a valid reason for that, at least not that the judge actually based his decision on. It wasn't based on a valid reason. He ignored testimony that was given at the hearing asking for sanctions and instead he relied on testimony, some of it that wasn't ever testimony on the record in either case, and some of it that wasn't testimony at the hearing that's at issue today. So he looked outside the scope of the record and some of the things he based his decision on come from honestly nowhere, but he ignored the relevant testimony at the hearing. He basically stated that he could not agree to award sanctions because it would mean reversing an earlier decision. He didn't want to say that he had been wrong earlier so he wasn't going to award sanctions. I think what he's saying is the same thing I've been asking you this morning. He made a decision that the quick claim deed was invalid and that your client was the owner of the building and was in violation of the ordinances. That was his decision. So that case goes up on appeal. The city files a new case. He has another hearing. The building's still in violation. He's already made a finding that your client is the owner. And that decision has not been decided yet by us. The fact that we overturned that decision is kind of fortuitous. But in the meantime, he's found, based on evidence, that your client's the owner of the building and that the building's in violation. And by the time we reached the sanctions hearing, however, this court had issued its decision reversing his earlier. Right. But that happens all the time. That doesn't make the fact that they filed a complaint sanctionable or that they went to a hearing sanctionable. You would have to show, under the standard of review, that no reasonable person would have agreed with the trial court judge in denying sanctions in this case. That's a high burden to me. The one thing I have to say, though, is on the last day, on that August hearing, you've got an argument to make there. So let's hear that. Sure. Come to August 27, 2013, and I arrived at the court for a scheduled court appearance. And when the judge saw me in the courtroom and said, I'm surprised that you're here, the other attorney told me you wouldn't be here today. There had been no conversation between myself and the other attorney to either continue that matter or find out that he had taken other steps that would necessitate continuing this hearing from August 27. I just want to ask you this. Wouldn't Judge Hardwick say when you didn't come, or when he had the hearing on the sanctions maybe it was, that it was an act of discourtesy by Mr. Thomas, that it was a single act of discourtesy, and then based on that he didn't feel he could impose, he surely imposed sanctions at that point. I think he could have, but he didn't feel he should. Based on a single act of discourtesy. Well, and that single act of discourtesy, though, you take it with the totality of the circumstances around that case. So it wasn't just that Mr. Thomas didn't appear at a scheduled court appearance and I wasted a day of travel in that. He didn't attempt to call me ahead of time to tell me about it. He had filed a motion in Supreme Court, the Illinois Supreme Court. He filed papers the day before, I think 4 o'clock in the afternoon or something, and made no attempt to let me know that was happening. We could have talked the day before to say, okay, well, things are progressing this way, so we'll wait. I don't think you get any argument that that was discourteous. There's no argument about that. But that's not the issue. The issue is, does a single act of discourtesy, when there's no pattern of being discourteous, merit sanctions? I think in this case it does, because it falls in with the other circumstances on the record that we talked about. The other circumstances you're arguing about is normal litigation practice where a trial judge has ruled on the merits in a case that's up on appeal but hasn't been decided by the court. Okay, go ahead. Okay, respectfully, given the circumstances of this case and being there in the courtroom with that judge and with that counsel, the only thing I can say is, having been there, the totality of the circumstances showed that this judge was not basing his decisions to deny sanctions on a valid reason. It was based on his being irritated at being reversed on appeal before, his not wanting to perhaps irritate local counsel by awarding sanctions. The record does not show that he had valid reasons for his decision. He ignored relevant testimony and brought in testimony that wasn't relevant. He gave evidence by his own words that he was basing his decision, at least in part, on being irritated at this appellate court's reversal of his earlier decision. He thought that deed should still be considered invalid, and this court disagreed with him, but he wasn't going to let that rest and just go on. He still had to put on the record that he disagreed. And so based on all those circumstances, it's our position that his decision to deny sanctions does not follow logically from the circumstances of the case, as it's shown on the record, and having been there and experienced it personally, I think you do have to reach the decision that no reasonable person could agree with that particular judge's particular decision not to award sanctions in that particular case. I think the question that kind of focuses everything for us going forward, if the city wants to say that it filed the complaint in 120V107 for a proper purpose, which it has repeatedly said it's just enforcing municipal code, it's just trying to track down these violations and cure them, it's just trying to clean up properties around the city, well, that's true. But when this court issued its decision saying that my client's quitclaim deed was valid and he was not the owner of that property, did the city of Virginia file a complaint against the true owner of that property? And I will submit to you that as of the last filing in this case, in this appeal, perhaps even as of today, such a complaint has not been filed. And I would submit to you that that is evidence that the city is not interested simply in curing these violations and finding the true owner and dealing with the true owner of the property, but in this particular case was more interested in retaliating against my client because he pursued his appellate rights before this court. Okay, how would we know if perhaps the true owner, who's found to be the true owner, has condemned the building or remediated the violations? That's all outside the record where you're talking about. And that would be, the city of Virginia would know that better than I would. Correct, but it's not in the record for us, so we really couldn't consider that. Okay. Thank you, and if there's no other questions, we simply ask that this court do undertake that independent review and find in favor of my client. Thank you, Mr. Speaker. Mr. Cox. May it please the court opposing counsel, the standard review as the court's touched on this is an abuse of discretion. The court has to find that no reasonable person would have agreed with the reasoning and the finding of the trial judge in this case. On appeal, defendant raises five issues why this court should reverse the trial court. The first one is that he contended in his motion for sanctions that at some unspecified time, plaintiff's counsel, which would be me, told him that he was going, or that I was going to ruin him through the litigation process, and that was one basis that they claimed sanctions were warranted. The next one is that, and the court's heard this, is that the defendant's asking for sanctions because we pursued a complaint while the appeal was appending on the issue of ownership. The next one is the case management conference at which plaintiff's counsel did not appear and that's their argument that that is sanctionable. The fourth reason they gave the court is that the plaintiff continued to send vacant building notices from 2009 to 2013 to Mr. Mitchell, the defendant, and that somehow constituted harassment, telling him that there were violations and that he needed to pay the vacant building fee in accordance with the ordinance. And the last reason they give is that the summons contained language that defendant may be subject to arrest if he failed to appear at the first appearance in the ordinance violation case. Those are the five reasons defendant says that sanctions under 137 are warranted. In regard to the allegation that plaintiff's counsel told defendant that he was going to ruin him, the trial court had before it defendant's testimony and plaintiff's counsel was called as an adverse witness and cross-examined on that issue. On cross-examination, defendant admitted he didn't know when this was said and that he didn't recall the specific words, that it was something along the lines that he was going to be ruined or something like ruining me is in fact his exact words. Plaintiff's counsel testified unequivocally that that language was not ever stated, that it was not part of his practice to do that, that he had not met Mr. Mitchell prior to these proceedings and that in fact there were numerous ordinance violations that were being pursued. The court was also aware of the history as far as the conversations between Mr. Mitchell and plaintiff's counsel, including Mr. Mitchell's admitting that he took the subject property in hopes to help his friend who was going through a divorce hide that and conceal that from his ex-wife in a divorce proceeding. Mr. Mitchell did in fact pay the vacant building fee and that's one of the claims that they indicate was sent to him as a form of harassment, asking him to pay the fees. The ordinance provides you have to pay the fee if you're the record owner and the city had asked him and had previously filed, and this was testified to, had previously filed a complaint against him which was subsequently dismissed and that's because Mr. Mitchell paid that fee and represented he was going to take care of the property. Between that time period and the filing of the complaint, which led to the first appeal in this case, the defendant was the record owner of the property. There was nothing filed of record indicating that he did not own the property and plaintiff's counsel, even after the defendant claimed that he had transferred it, had reasonable facts to believe the defendant was simply trying to pull a ruse and not take ownership of the property in hopes of finding someone else to place the blame on. But that led to the filing of the complaint. The trial court heard the evidence in that matter and I think the trial court was within its right to bring that and the facts of that trial in to play in determining the totality of the circumstances here because that's part of defendant's reasoning why sanctions are warranted in the first place. It's the defendant that invites looking at the matters raised in the first hearing as reasons why sanctions are warranted here. At the time this complaint was filed, we had, and the record establishes, we had a property that was in severe violation that was open to the public and that there was an underground well inside the building that was open and accessible to people, including small children. So that was the incentive and after having the determination that Mr. Mitchell was the owner of the property, it seemed completely reasonable to proceed forthwith with the filing of the complaint because in essence the facts are going to be the same, that nothing took place during that 21 day time period that defendants references and it would be easily established that he was in violation. That's the reasoning behind filing the complaint. Plaintiff filed a motion asking the trial court to stay the proceedings. There was a hearing on that motion and defendant does not make that motion part of the record or the hearing on that motion part of the record here. So without that being part of the record, I think this court is obligated to give every reasonable deference to the trial court and basically presume that the trial court had a valid reason for denying that motion. I would state that it is of the record that defendant never did post an appeal bond to warrant stopping going forward with the matter, which he could have done pursuant to plain court rule. Instead, he asked to be able to put money in escrow on a monthly basis while the matter was being heard. The trial court properly decided that that was not the appropriate procedure in that he could post an appeal bond and the amount asked for by plaintiff and the matter would be stayed. Alternatively, and I believe defendant and plaintiff's counsel either directly or indirectly agreed with the trial court to basically proceed on the merits and then withhold final judgment so that if per chance defendant was successful on his appeal, he wouldn't be precluded from asking that this matter also be dismissed. And the trial court did that exactly, I believe, in accordance with case law that had established that that to be the proper procedure because the trial court could have, and there is case law stating that it could have proceeded on the merits, entered final judgment, found defendant to be in violation. This court could have appealed or reversed the first appeal and that second judgment would have stood unless defendant again filed a subsequent appeal. Plaintiff never challenged that procedure. I believe it was the appropriate procedure. And that method would proceed all the way until this matter was voluntarily dismissed or conceded by plaintiff that it should be dismissed because of this court's ruling in the first appeal. What about the August 2013 hearing, Mr. Thomas? Did you file your PLA on the last day possible? I did file it on the last day possible. Why didn't you just call Ms. Hager and tell her you filed the PLA? Well, Judge, I should have done that. I did email her that morning to advise her that that appeal had been filed. The email went out at 10.30 after Judge Hager had told you to try to get a hold of her. That's correct, Judge. It seemed to me from reading the record you would have known she was coming from Warshaw or wherever she was coming from, that it was a long drive to Virginia and that she would have been on her way by the time you emailed her. That's correct. Looking back at it, I probably didn't give it enough thought to consider whether she would be going. We had a pattern of these things just getting continued by agreement while the appeal was pending. In my mind, this court hadn't issued its mandate, and I was still within the window of filing my appeal, whether it was filed on the 30th day or the 20th day. I was still within my right to file that. So I perhaps erroneously concluded that the defendant was not going to appear. Did I owe the professional courtesy? I should have confirmed that, yes. I don't take that back. There has been a pattern, especially the allegations of things being sloppily drafted. This isn't really a cordial professional exchange going through this proceeding. There are basically attacks. Looking back, I should have been the bigger person and took the professional time to let her know, hey, this has been filed. Are you coming or not? That was totally in error on my part. It wasn't intended to harass the defendant or put them out. In fact, my office is located directly across from the courthouse. Had there been something pressing, I could have came there. Also, I don't think the defendants established any prejudice because had I been there and the hearing took place, the hearing would have simply been continued pending the determination on the request that the Supreme Court hear the matter. So I really don't see whether a defendant came or didn't come, how he was prejudiced in any matter because we did have the case management like two weeks later. Well, what's a lawyer's stock of trade? Their time. I understand. So the comments you made during the hearing about shouldn't take cases, her problem, she took the case that's far away from her home office. There was some comment like that. The only loss here was the time. I think time is pretty significant. I agree. I agree with you that you should have been more courteous, but it seems dismissive to say, well, there was no real prejudice on the facts of the case. That often is the case with matters like this. It probably won't affect the merits, but it certainly affects the time and the court calendar. It's hard for me to think that you can give advice to your clients or work on paperwork if you're driving a car, either Danville or Rochelle or wherever, to get to Virginia. No, I fully appreciate that. And looking back, that would have been an error on my part. I've been in that circumstance personally before in a case in Kane County, so I can understand the need not to needlessly drive. And, again, I think this court's recognized there hasn't been a pattern of this. In fact, on at least three occasions, I believe the record established appeared without defendant's counsel having to appear, personally prepared the orders continuing the matter for that very reason. Again, it wasn't a problem for me to appear at routine matters because my office is located across the street. So, I mean, if that were the case, I believe I would have been within my right, if I was trying to be discourteous or harass the defendant, is require every time there was a requested continuance, required defendant to file the motion, set that motion for hearing, and have it heard. And that wasn't the way we go, and that's not the way I practice. I mean, typically, if there's a good reason for a continuance and my client's not prejudiced, you have to give deference to other professionals' calendars. I mean, that's just the nature of our profession. So that was not the intent, and I certainly don't believe it's sanctionable under 137. Regretfully, I've come across attorneys that are discourteous, way too often, and that still doesn't mean that that is sanctionable pursuant to 137. And again, that would never have been my intention to do that. So I don't think that the trial court was wrong in denying sanctions on that basis. And the trial court was in the position to know the history of the case and the fact that I had appeared and we had conducted the matter by phone on numerous occasions and that the defendant had previously requested that the trial court conduct all matters either by videoconference or phone, and that request was denied. So all those matters were before the trial court. It perhaps is dismissive to say that she shouldn't have taken a case three hours away. I agree, time is valuable. But in turn, when our defendant is asking to be paid for that time, I think in determining whether sanctions are reasonable and the amount of those sanctions, I think that does factor into play. For instance, if you hired an attorney from California and it was an award of attorney's fees, I think the court could properly discount the travel time unless there was some unique circumstance that would justify hiring that attorney in that particular circumstance. Moving on, the issue as far as the summons, I still don't understand how that rises to the level of sanctions and how that is even improper. I believe that language comes straight from Supreme Court rule on that summons. I see that language on summonses for matters as small as small claims cases. It's a command of the court that you have to appear or you're going to be found in default. In a quasi-criminal case, it certainly requires the defendant to appear or face the possibility of arrest. Would a defendant have a warrant issue for not appearing in an ordinance violation case in this practice? Probably not, but again, that language is from Supreme Court rule. Also, that summons is a command of the court. It's not plaintiff's filing or plaintiff's counsel's filing. The summons that are served upon defendant was issued by the circuit court. There's not a sanction request against the circuit court for any improper language. So I just don't get the reasoning behind that. Again, there were procedures available to the defendant which he didn't employ to make this matter be stayed. And then in turn, if the matter is progressing appropriately, I just don't see how sanctions are warranted. And we've touched on that. I'm not here to press the request for sanctions that we've raised in our brief. I think this court would, in essence, be authorized to award sanctions. This certainly doesn't seem like a 137 case to me that there would be any possibility of sanctions being warranted. I mean, that's self-serving, and I'm probably looking at it through rose-colored glasses in favor of myself and my client. But I've been involved in cases where there are. It's kind of close to the edge, and as this court recognizes, it's a very high burden. In this case, I mean, I had a factual basis for it, filing the original case and the subsequent case. And the defendant's acknowledgment of ownership, coupled with the fact that as of record in the second case, he was a convicted felon and had been convicted of insurance fraud. And that was also before the trial court in weighing the testimony of the defendant as to the allegations that were supposedly made to him and plaintiff's counsel testifying. So, I mean, I think all of that, the trial effects certainly could have and should have found that sanctions were not warranted. So we'd certainly ask the court to affirm the trial court and deny the request for sanctions. Thank you, Mr. Thomas. Thank you. Ms. Hager, do you have anything to add? Thank you. Very quickly, thank you for your time. There's been talk of the summons. It's on the record that summons did not comply with Supreme Court rules. And there is specified language of what you're supposed to use when you issue that summons. And it's true, it comes from the circuit clerk's office. But very often, the form is prepared by the attorney's office, submitted to the clerk for approval, and it gets a stamp. It's not the clerk drafting it. It's the attorneys drafting it. And we have an obligation to draft these documents in conformance with the Supreme Court rules. It's very clearly spelled out. The stay that keeps getting, that appeal bond that keeps getting referenced, that would have applied to staying the enforcement of the previous action. There was no opportunity to file an appeal bond and stay 120V107. That mechanism was the motion that we filed, and the trial court dealt with it throughout there. That August 27th date where counsel failed to appear, there's two things to raise about that. I don't take it as a personal offense against me, and that's not why this request for sanction is being processed. It's not a personal thing between the attorneys, and it's also not an isolated incident. The record shows there was a pattern of behavior from the city of attorney toward my client that shows they were, in fact, out to get him. And it wasn't simply an enforcement. That precedent, though, has been presented to a trial court that was less than impressed with that evidence. And that brings me to my final request here for this court. The trial court in that level sits in the city of Virginia, deals with the council for city of Virginia every day. These are common players with each other. That trial court is bound to apply the law equally. But I think there is grounds in this case for an appellate court with stepping away from the situation to conduct that independent review and say perhaps the trial court within that city was not going to award sanctions against the city where the trial court sits no matter what. And what my client is asking this court to do is to undertake that independent review and assess the record objectively, taking into account that the trial court was very closely involved with the players in this game except for a defendant. We walked out of that sanctions hearing that last day in Virginia, and I turned to my client and I said, do you feel that justice has been done? Which is the way, whether you're victorious or not, when you walk out of the courthouse, the hope is that you feel justice has been done. And he honestly looked at me and said, no, I do not. And that is why we filed this appeal before this court asking for an independent review so that my client can have a measure of satisfaction that justice has been done. Whatever the decision one way or the other, let it be that independent review where the parties can agree justice has been done. Thank you. Thank you, counsel. Actually, both of you presented very good arguments, and I thank you for being very professional today and very well prepared. Thank you.